UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| THOMAS A. MOORE, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-16-397-F |
| CHRISTINE THOMAS et al., | ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Thomas A. Moore, a state prisoner appearing pro se, has initiated a civil action against two Defendants under 42 U.S.C. § 1983, alleging deprivation of his federal constitutional rights by persons acting under color of state law. *See* Am. Compl. (Doc. No. 25). United States District Judge Stephen P. Friot has referred this matter to the undersigned for initial proceedings in accordance with 28 U.S.C. § 636. Both Defendants now seek dismissal of this lawsuit. The undersigned recommends that Defendant Gonzaga's Motion to Dismiss (Doc. No. 43) and Defendant Thomas' Motion to Dismiss (Doc. No. 45) be GRANTED and that Plaintiff's lawsuit be dismissed.

## PLAINTIFF'S CLAIMS AND RELIEF SOUGHT

At the time Plaintiff filed his Amended Complaint, he was housed at Lawton Correctional Facility ("LCF"), a privately owned prison that houses inmates in the custody of the Oklahoma Department of Corrections ("ODOC"). Am. Compl. at 1.[1] In his pleading, Plaintiff brings claims against two Defendants in their individual capacities:

---

[1] References to documents filed in this Court use the CM/ECF pagination.

Christine Thomas, the LCF Health Services Administrator; and Dr. Mars Gonzaga, a medical doctor who "is contracted to treat" inmates in ODOC custody. *See id.* at 1, 2.

Plaintiff's claims arise from events alleged to have occurred while he was housed at LCF. *See id.* at 2, 3, 6; *see also id.* Exs. 1-4 (Doc. Nos. 25-1, 25-2, 25-3, 26). Liberally construed, Plaintiff claims that both Defendants violated his rights under the Eighth Amendment by failing to provide proper medical treatment for his asthma condition. *See* Am. Compl. at 2, 3, 6. Plaintiff also alleges that Defendant Thomas "took Plaintiff off" of his seizure medicine "in what can be viewed as retaliation." *Id.* at 2. Plaintiff seeks $200,000 in damages from each Defendant. *See id.* at 5; *see also Phillips v. Tiona*, 508 F. App'x 737, 750 (10th Cir. 2013) ("We have long assumed that employees of a private prison act under color of state law for purposes of § 1983 suits by inmates . . . ."); *Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011) ("Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief.").

STANDARD OF REVIEW

While the Court construes a pro se litigant's pleadings liberally, all parties must adhere to applicable procedural rules. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). Under such rules, the plaintiff must state a claim upon which relief may be granted, i.e., the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's

2

complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

Defendant Gonzaga filed a Motion to Dismiss (Def. Gonzaga Mot. to Dismiss (Doc. No. 43)), to which Plaintiff responded (Pl.'s Gonzaga Resp. (Doc. No. 46)). Defendant Gonzaga replied (Def. Gonzaga Reply (Doc. No. 49)), and Plaintiff submitted an unauthorized surreply (Doc. No. 55), which Defendant Gonzaga has moved to strike (Doc. No. 57). Defendant Thomas also filed a Motion to Dismiss (Def. Thomas Mot. to Dismiss (Doc. No. 45)). Plaintiff filed a response (Pl.'s Thomas Resp. (Doc. No. 54)), to which Defendant Thomas replied (Def. Thomas Reply (Doc. No. 58)).[2]

Both Defendants move to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In analyzing a motion to dismiss under that Rule, the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*,

---

[2] In addition, Defendants have filed a Special Report (Doc. No. 40) in accordance with the Court's order and *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). Although both Defendants refer to the Special Report in their briefing, the undersigned has declined to convert their Motions to requests for summary judgment and has excluded from consideration the Special Report, Plaintiff's various nonpleading submissions (*see* Doc. Nos. 38, 39, 61), and all other items not properly considered on a Rule 12(b)(6) motion. *See* Fed. R. Civ. P. 12(d); *Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998); *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). The undersigned has considered additional factual allegations set forth in Plaintiff's Responses, but only to the extent that those allegations are "consistent with the facts and theories advanced in the [Amended Complaint]." *Hayes v. Whitman*, 264 F.3d 1017, 1025 (10th Cir. 2001); *accord Barnes v. City of Okla. City ex rel. Okla. City Police Dep't*, No. CIV-10-1338-D, 2011 WL 5326251, at *4 (W.D. Okla. Nov. 3, 2011).

3

706 F.3d 1231, 1235 (10th Cir. 2013). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To succeed on a claim under 42 U.S.C. § 1983, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States," and that the violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see* 42 U.S.C. § 1983. When a defendant is sued in his or her individual capacity under § 1983, the plaintiff must show specific elements as to each defendant. First, the plaintiff must establish the defendant's "personal involvement or participation" in the alleged violation of a federal right. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996); *see also Iqbal*, 556 U.S. at 676. Second, the plaintiff must establish a causal connection between the acts of that particular defendant and the violation of a federal right. *See Iqbal*, 556 U.S. at 676; *Pahls v. Thomas*, 718 F.3d 1210, 1225-26, 1228 (10th Cir. 2013). Finally, the plaintiff must establish that the defendant acted with the state of mind required for the underlying federal rights violation. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986).

"[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d

1106, 1110 (1991); *see also Whitney*, 113 F.3d at 1173-74. Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## ANALYSIS

I. **Plaintiff's Eighth Amendment Claims**

A. **Elements of an Eighth Amendment Claim**

"A prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A two-prong standard governs claims of deliberate indifference to serious medical needs. To establish the objective prong of this Eighth Amendment claim, Plaintiff must show "that the deprivation at issue was in fact 'sufficiently serious.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The Tenth Circuit has said that

> a medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Where the necessity for treatment would not be obvious to a lay person, the medical judgment of the physician, even if grossly negligent, is not subject to second-guessing in the guise of an Eighth Amendment claim.

*Id.* (citation and internal quotation marks omitted).

To establish the subjective component—i.e., deliberate indifference to "a substantial risk of serious harm"—Plaintiff must show that the prison official in question acted with a "culpable state of mind." *Id.* at 751-52; *Farmer*, 511 U.S. at 834, 836, 837. "The subjective component is satisfied if the official knows of and disregards an excessive risk to inmate

health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and she must also draw the inference." *Mata*, 427 F.3d at 751 (alteration and internal quotation marks omitted).

### B. Plaintiff's Eighth Amendment Claim Against Defendant Gonzaga

Plaintiff alleges that he "has asthma" and "has made numerous complaints." Am. Compl. at 2. Plaintiff further alleges that he has to use his albuterol inhaler "in excess of 12 times a day" but when he told Defendant Gonzaga this, Defendant Gonzaga responded on January 6, 2016, "'[J]ust don't use your inhaler so much.'" *Id.* at 2, 3. Plaintiff alleges that on February 18, 2016, Defendant Gonzaga discontinued Plaintiff's albuterol "rescue" inhaler and put him on a "long-term treatment inhaler," and that he then was without a rescue inhaler for approximately 3½ weeks. Pl.'s Gonzaga Resp. at 1-2. Plaintiff also alleges that he complained to Defendant Gonzaga of his frequent inhaler use and bronchial spasms, Defendant Gonzaga appeared inattentive at "every" visit, and Defendant Gonzaga once told Plaintiff that he has asthma because he has allergies and lives in Oklahoma. *Id.* at 3, 4. According to Plaintiff, the doctor who replaced Defendant Gonzaga put Plaintiff on an albuterol pill. *Id.* at 2-3. Plaintiff also has submitted as part of his pleading an affidavit from an LCF cellmate who alleges that Plaintiff "has a hard time breathing 2-3 time[]s a day" and that an unidentified corrections officer or nurse has told Plaintiff to "stop faking," lie down, or "fill out a medical request." Compl. Ex. 4 (Doc. No. 26) at 1-2.

Defendant Gonzaga seeks dismissal of Plaintiff's Eighth Amendment claim, arguing that Plaintiff has failed to plausibly allege a violation of his Eighth Amendment

6

rights upon which relief can be granted. *See* Def. Gonzaga Mot. to Dismiss at 10-19; Def. Gonzaga Reply at 2-4.[3] The undersigned agrees.

Although Plaintiff alleges facts satisfying the objective component of an Eighth Amendment claim, Plaintiff has failed to allege facts that satisfy the subjective element of his claim against Defendant Gonzaga—i.e., that the physician "knew about and disregarded a substantial risk of serious harm" to Plaintiff's health. *Mata*, 427 F.3d at 752. As summarized above, Plaintiff's own allegations of the medical care he received from Defendant Gonzaga at LCF reflect ongoing medical treatment for his asthma and attempts from that physician to assist Plaintiff with his symptoms. Plaintiff alleges that he requested a different brand and/or type of inhaler, and he had to use his inhaler more often than prescribed, and that he had bronchial spasms after usage. But no improper treatment, much less deliberate indifference, is shown by the fact that Defendant Gonzaga prescribed one type of inhaler over another or instructed Plaintiff that he was using his inhaler too

---

[3] Defendant Gonzaga also argues that if it is determined that he was acting under color of law, then he is entitled to qualified immunity as a "state actor." Def. Gonzaga Mot. to Dismiss at 19-21. But qualified immunity protects "government officials" from personal liability for civil damages, and there is no allegation by Plaintiff, or even by Defendant Gonzaga himself, that the latter is a "government official." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *see* Am. Compl. at 1. This argument improperly conflates a potential for § 1983 liability with an ability to enjoy qualified immunity, and Defendant Gonzaga has not "show[n] that such an exemption is justified." *Richardson v. McKnight*, 521 U.S. 399, 412 (1997) (internal quotation marks omitted); *cf. id.* ("[P]rivate prison guards, unlike those who work directly for the government, do not enjoy immunity from suit in a § 1983 case."); *Phillips*, 508 F. App'x at 751-52 ("Whereas the State and its . . . employees enjoy Eleventh Amendment immunity from damages suits under § 1983 for their official actions, and [state-agency] employees in their individual capacities enjoy qualified immunity in § 1983 damages actions, [the private prison operator] and its private prison employees enjoy neither." (footnote omitted)).

7

frequently. Plaintiff's facts show that Defendant Gonzaga "recognized [Plaintiff's] serious medical condition and [was] treating it." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999). "While jailers are ultimately responsible for their inmates' medical needs, *Farmer*[, 511 U.S. at 833-34], they can provide that care in a variety of ways . . . . The Eighth Amendment requires nothing more as a general matter." *Boyett v. Cty. of Washington*, 282 F. App'x 667, 673 (10th Cir. 2008); *cf. Gamble*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Even liberally construed, Plaintiff's factual allegations do not plausibly reflect any improper or inadequate medical care on the part of Defendant Gonzaga wherein the physician "knew about and disregarded a substantial risk of harm" to Plaintiff's health or "respond[ed] to an obvious risk with treatment that is patently unreasonable." *Mata*, 427 F.3d at 752; *Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006); *see also id.* at 1232-33 ("[W]here a doctor orders treatment consistent with the symptoms presented and then continues to monitor the patient's condition, an inference of deliberate indifference is unwarranted under our case law.").

Nor has Plaintiff shown that Defendant Gonzaga committed an Eighth Amendment violation by pleading that Plaintiff did not receive the exact treatment he desired, that an unidentified LCF official told him to stop faking, lie down, or fill out a medical request, or that a different medical official chose a different course of treatment. A review of Plaintiff's allegations shows that he "simply disagrees . . . about the course of his treatment. This disagreement does not give rise to a claim for deliberate indifference to serious medical needs." *Perkins*, 165 F.3d at 811; *accord Toler v. Troutt*, 631 F. App'x 545, 547

(10th Cir. 2015) ("A difference of opinion with medical staff about treatment is not actionable under the Eighth Amendment[;] nor is a disagreement among medical experts."); *see also Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968) ("The prisoner's right is to medical care—not to the type or scope of medical care which he personally desires."). Viewing these allegations in the light most favorable to Plaintiff, the Amended Complaint cannot be read as stating a plausible claim of violation of the Eighth Amendment by Defendant Gonzaga. This claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *See, e.g.*, *Archer v. Simmons*, 128 F. App'x 716, 718-19 (10th Cir. 2005) (holding that plaintiff's allegations, including that medical staff provided substitutes for his "prescribed medicine," failed to state a deliberate-indifference claim upon which relief could be granted).

### C. Plaintiff's Eighth Amendment Claims Against Defendant Thomas

#### 1. Asthma

Plaintiff alleges that when he complained to Defendant Thomas about his frequent inhaler use, Plaintiff "was told to practice the coping skills discussed by mental health," and Defendant Thomas blamed Plaintiff's anxiety "for the overuse of his inhaler." Am. Compl. at 2, 3; *see also* Am. Compl. Ex. 3 (Doc. No. 25-3) at 1. According to Plaintiff, Defendant Thomas told Plaintiff that the generic inhaler Plaintiff had been given and the inhaler Plaintiff "need[]s" (Ventolin) "are the same, when in fact the generic (ProAir) contains ethanol." Am. Compl. at 6. Plaintiff submitted an administrative "request to staff" to Defendant Thomas on March 18, 2016, stating that the ProAir inhaler did not work

for him; Defendant Thomas responded, "Seen by provider . . . No further treatment necessa[r]y at this time." Pl.'s Def. Thomas Resp. at 2; Am. Compl. Ex. 2 (Doc. No. 25-2) at 1. Plaintiff alleges that Defendant Thomas refused to get him the proper inhaler and to treat his asthma "properly," and now Plaintiff goes 2-3 weeks per month without an inhaler and "when he complain[]s about having trouble breathing [he] is told to put in a medical request." Am. Compl. at 6. Plaintiff asserts that after he was transferred away from LCF the doctor at the new facility placed him on a Ventolin inhaler. Pl.'s Def. Thomas Resp. at 4-5.

Defendant Thomas seeks dismissal of this claim under Rule 12(b)(6), arguing in part that Plaintiff has failed to plead facts sufficient to satisfy the subjective prong of the deliberate-indifference test. *See* Def. Thomas Mot. to Dismiss at 10-19; Def. Thomas Reply at 1-8. In order for Plaintiff to adequately plead an Eighth Amendment claim against Defendant Thomas, Plaintiff must show that Defendant Thomas "knew about and disregarded a substantial risk of harm" to Plaintiff's health. *Mata*, 427 F.3d at 752.

Here, Plaintiff's allegations do not plausibly support a reasonable inference of deliberate indifference on the part of Defendant Thomas. The facts demonstrate that regardless of what Plaintiff himself believed about his asthma condition, Defendant Thomas did not understand him to be at a "substantial risk of harm" from that condition. Rather, she believed that he was suffering from an anxiety condition and that his anxiety resulted in overuse of his inhaler. *See* Am. Compl. at 2; *id.* Ex. 3, at 1. "An official's failure to alleviate a significant risk of which he was unaware, no matter how obvious the risk or how gross his negligence in failing to perceive it, is not an infliction of punishment

and therefore not a constitutional violation." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008) (citing *Farmer*, 511 U.S. at 844) (noting that a prison official "is not deliberately indifferent to" a substantial risk of serious harm "unless he is aware of and fails to take reasonable steps to alleviate that risk"). Further, Plaintiff's allegations and exhibits do not reflect any "obvious" risk associated with his asthma was presented to Defendant Thomas. *See Mata*, 427 F.3d at 752. And, to the extent Plaintiff alleges that Defendant Thomas was administratively responsible for facilitating his access to medical personnel, he has not shown that Defendant Thomas "delay[ed] or refuse[d] to fulfill that gatekeeper role due to deliberate indifference." *Id.* at 757 (internal quotation marks omitted). Rather, Plaintiff's allegations show that Defendant Thomas knew that Plaintiff had been issued an inhaler (even if not the one he desired) and that she understood him to have been "[s]een by [a] provider" and believed that his asthma had been "addressed appropriately." *See* Am. Compl. at 2, 3; *id.* Ex. 2, 3.

Because Plaintiff's factual allegations do not demonstrate that Defendant Thomas was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" or that Defendant Thomas actually drew that inference, this Eighth Amendment claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Farmer*, 511 U.S. at 837; *cf. Mata*, 427 F.3d at 760-61 (affirming grant of summary judgment to prison nurse on deliberate-indifference claim where the nurse's notes "provide[d] direct insight" into the nurse's subjective belief that the prisoner was not having a heart attack and did not need a physician).

11

## 2. Seizures

Plaintiff also alleges that he experiences seizures and that on December 1, 2016, "the medical administration overseen by [Defendant] Thomas" "took" Plaintiff's seizure medication (Gabapentin) "without having him placed on a different se[i]z[]ure medication," resulting in Plaintiff having seizures again. Am. Compl. at 2, 3, 6; Pl.'s Def. Thomas Resp. at 1. Plaintiff alleges that on that date and again on January 16, 2017, he sent Defendant Thomas administrative "requests to staff" asking about being taken off of his medicine, and Defendant Thomas replied that Plaintiff had no documented seizure-disorder diagnosis. *See* Pl.'s Def. Thomas Resp. at 1. Defendant Thomas also stated that "no medical staff ever witnessed [Plaintiff] having a seizure," but Plaintiff alleges that his seizures were videotaped by security and that Defendant Thomas "should have asked to view the tapes." *Id.* at 1-2. Plaintiff states that Defendant Thomas "should have known that" Plaintiff would suffer seizures once his medicine was discontinued and "that is how it appears to be retaliation" for filing this lawsuit. Am. Compl. at 6.

Here, Plaintiff fails to meet the objective prong of the deliberate-indifference test, as he fails to show any "need," or that he suffered any "deprivation" from Defendant Thomas' alleged conduct, that "rises to a level 'sufficiently serious' to be cognizable under the Cruel and Unusual Punishment Clause." *Mata*, 427 F.3d at 751, 753 (quoting *Farmer*, 511 U.S. at 834). "[I]t is the harm claimed by the prisoner that must be sufficiently serious," "not solely the symptoms presented at the time the prison employee has contact with the prisoner." *Martinez v. Beggs*, 563 F.3d 1082, 1099 (10th Cir. 2009) (internal quotation marks omitted). "A medical need is sufficiently serious if it is one that has been

diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Mata*, 427 F.3d at 751.

Plaintiff alleges that he experienced seizures after being taken off his medicine by an administration "overseen" by Defendant Thomas, but his vague assertions do not relate the quantity, duration, or severity of these seizures and do not show that any prison officials (rather than a purported videotape) had ever witnessed any seizure or documented any seizure disorder. Nor does Plaintiff present any allegations to support a plausible inference that "serious" harm was caused by the failure to receive Gabapentin or by the seizures that followed. *See, e.g.*, Pl.'s Def. Thomas Resp. Ex. 1 (Doc. No. 54-1) (Plaintiff's cellmate alleging that Plaintiff experienced a seizure and was checked on by a nurse but offering no allegation of any injury suffered or follow-up treatment required); *cf. Richardson v. Daniels*, 557 F. App'x 725, 727-28 (10th Cir. 2014) (upholding district court's dismissal on screening of Eighth Amendment claim where prisoner alleged only minor abrasions and cuts from prison officials' response to his seizure and "did not allege his seizure or seizure condition were exacerbated as a result" of the officials' actions). And to the extent Plaintiff alleges that Defendant Thomas delayed Plaintiff from receiving medical treatment, his sparse allegations do not plausibly demonstrate that any delay resulted in "substantial harm." *Mata*, 427 F.3d at 751 ("[A] delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show the delay resulted in substantial harm. The substantial harm requirement may be satisfied by lifelong handicap, permanent loss,

or considerable pain." (citation and internal quotation marks omitted)). This claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. Plaintiff's First Amendment Retaliation Claim

Liberally construed, Plaintiff alleges that Defendant Thomas' causing him to stop receiving his Gabapentin on December 1, 2016, was an act of unlawful retaliation due to Plaintiff having filed this lawsuit. *See* Am. Compl. at 2, 6. It is well established that prison officials may not retaliate against an inmate on account of, or otherwise harass an inmate in retaliation for, the inmate's exercise of his constitutional rights. *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990). "This principle applies even where the action taken in retaliation would be otherwise permissible." *Id.* at 948.

> Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

"An inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of his constitutional rights." *Strope v. Cummings*, 381 F. App'x 878, 883 (10th Cir. 2010) (alteration and internal quotation marks omitted) (citing *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998), as noting that retaliation claims are governed by a strict "but for" standard of causation); *see also Brown v. Wyo. Dep't of Corr. State Penitentiary Warden*, 234 F. App'x 874, 877-78 (10th Cir. 2007) ("[A] prisoner claiming retaliation must allege specific facts showing retaliation on account of the

14

exercise of the prisoner's constitutional rights, and he must prove that 'but for' the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place." (alteration, citations, and internal quotation marks omitted)). In reviewing a prisoner's claim of retaliation, "it is not the role of the federal judiciary to scrutinize and interfere with the daily operations of a state prison." *Peterson*, 149 F.3d at 1144 (citing *Turner v. Safley*, 482 U.S. 78 (1987)).

Taking as true Plaintiff's allegation that Defendant Thomas caused Plaintiff to stop receiving Gabapentin on December 1, 2016, and assuming that this action "would chill a person of ordinary firmness from continuing to engage" in the instant litigation,[4] Plaintiff's allegations fail to set forth "specific facts" showing how this action was "substantially motivated" by Plaintiff filing this lawsuit. *Shero*, 510 F.3d at 1203; *Brown*, 234 F. App'x at 877. Plaintiff makes no allegation that Defendant Thomas was even aware that this lawsuit existed on December 1, 2016. *See* Am. Compl. at 2, 6; *see also* Doc. Nos. 17 (report and recommendation of October 31, 2016, recommending that the complaint against Defendant Thomas be summarily dismissed under 28 U.S.C. § 1915 and 42 U.S.C. § 1997e), 21 (order of December 6, 2016, concluding that the complaint failed to state a claim against Defendant Thomas but granting Plaintiff leave to file an amended pleading), 28 (service of the Amended Complaint ordered upon Defendants on December 22, 2016), 36 (summons reflecting service upon Defendant Thomas on February 1, 2017). Plaintiff's "attribution of contributory motive"—i.e., his vague suggestion that the conduct "can be

---

[4] Although the "chill" standard is objective not subjective, the undersigned notes that there has been no apparent chilling of Plaintiff's ongoing prosecution of this lawsuit.

15

viewed as retaliation" for his pursuing litigation—"is conjectural and conclusory" and fails to show that "but for" an improper motive the medication decision would not have been made. *Strope*, 381 F. App'x at 883; *Brown*, 234 F. App'x at 878; Am. Compl. at 2. "While [Plaintiff] undeniably engaged in protected activity," "that alone does not establish the requisite causal connection for his retaliation claim." *Strope*, 381 F. App'x at 883. "Obviously, an inmate is not inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he has engaged in protected activity." *Peterson*, 149 F.3d at 1144. This claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## III. Defendants' Motions to Strike

On May 16, 2017, over one month after filing his Response to Defendant Gonzaga's Motion to Dismiss, Plaintiff submitted a document labeled as an "Amended Objection" to that Motion. *See* Doc. No. 55. Defendant Gonzaga has filed a Motion to Strike this filing (Doc. No. 57), to which Plaintiff has not responded. Because Plaintiff failed to oppose the Motion to Strike, the Court may deem it confessed. *See* LCvR 7.1(g). Further, Plaintiff's filing, which is a de facto surreply, was improperly submitted because Plaintiff failed to seek and obtain leave of Court for its filing. *See id.* 7.1(i). Defendant Gonzaga's Motion to Strike therefore should be granted.[5]

---

[5] Even if considered, Plaintiff's filing would not affect the analysis herein, as he primarily (i) restates the factual allegations summarized above, and (ii) objects to certain items included in the Special Report but not considered for purposes of the Motions to Dismiss. *See* Doc. No. 55, at 1-3; *supra* note 2.

16

On July 28, 2017, Plaintiff submitted a signed "Declaration" of an inmate at North Fork Correctional Center, describing events that occurred at that facility in July 2017. *See* Doc. No. 61. On August 4, 2017, Defendants Gonzaga and Thomas filed a "Joint Motion to Strike" this filing (Doc. No. 62). Plaintiff has responded (Doc. No. 63). Because Defendants have not shown that submission of Document Number 61 was improper, striking the document is unwarranted. However, as noted above, that document is not properly considered in determining a Rule 12(b)(6) motion and therefore does not impact the undersigned's recommendation. *See supra* note 2.

## IV. Plaintiff's Motion to Amend

Plaintiff has submitted a Motion to Amend (Doc. No. 35). In his Motion, Plaintiff requests that he be permitted to amend his pleading a second time because in January 2017 he was placed in segregation and had his craft box confiscated. *See* Pl.'s Mot. to Amend at 1-3. Plaintiff claims that he did not receive a "write-up" of his disciplinary misconduct and that this failure was retaliation by Defendant Thomas. *See id.* at 1. Plaintiff further claims that three other LCF officials are responsible for due process deprivations suffered by Plaintiff in connection with his being sent to segregation for one week. *See id.* at 2. Plaintiff seeks no monetary damages but requests that he be transferred to another facility so Plaintiff "is not retaliated against any more." *See id.* at 3.

Plaintiff fails to attach his proposed amended pleading to his Motion, in contravention of Local Civil Rule 15.1. Further, Plaintiff's request should be denied on its merits. Although the Court "should freely give leave" to amend "when justice so requires,"

17

Fed. R. Civ. P. 15(a)(2), "[a] court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason," *E.spire Commc'ns, Inc. v. N.M. Pub. Regulation Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004) (internal quotation marks omitted). Here, Plaintiff's sparse factual assertions are insufficient to state a "claim showing that the pleader is entitled to relief" against either an existing or a new defendant and are insufficient to persuade the undersigned that justice requires permitting Plaintiff to again amend his pleading. *See* Fed. R. Civ. P. 8(a)(2); 28 U.S.C. § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c)(1); *see also Iqbal*, 556 U.S. at 677-79. In addition, Plaintiff's sole proposed request for relief "was undoubtedly mooted" by his subsequent transfer from LCF to another facility. *Stephens v. Jones*, 494 F. App'x 906, 910 (10th Cir. 2012); *see* Doc. No. 37; *cf. Jordan v. Sosa*, 654 F.3d 1012, 1027 (10th Cir. 2011) (discussing courts' "routine[]" dismissal of "penitentiary-specific conditions-of-confinement claims as moot" when the prisoner has been transferred or released).

RECOMMENDATION

Accordingly, the undersigned recommends that Defendant Gonzaga's Motion to Dismiss (Doc. No. 43) and Defendant Thomas' Motion to Dismiss (Doc. No. 45) be GRANTED and that Plaintiff's lawsuit be dismissed without prejudice. In addition, Defendant Gonzaga's Motion to Strike (Doc. No. 57) should be GRANTED, Defendants Gonzaga's and Thomas' "Joint Motion to Strike" (Doc. No. 62) should be DENIED, and Plaintiff's Motion to Amend (Doc. No. 35) should be DENIED.

NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by September 14, 2017, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 24th day of August, 2017.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE