# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

THOMAS A. MOORE,             )
                                            )
               Plaintiff,       )
                                            )
-vs-                          )     Case No. CIV-16-0397-F
                                            )
CHRISTINE THOMAS, et al.,    )
                                            )
            Defendants.   )

## ORDER

Plaintiff Thomas A. Moore, appearing *pro se*, brings this action under 42 U.S.C. § 1983. Magistrate Judge Charles B. Goodwin issued a Report and Recommendation (doc. no. 64, "the Report"), recommending that the court: grant defendant Gonzaga's motion to dismiss (doc. no. 43); grant defendant Thomas's motion to dismiss (doc. no. 45); and dismiss this action without prejudice. The Report further recommends that the court grant defendant Gonzaga's motion to strike (doc. no. 57); deny defendant Gonzaga and defendant Thomas's motion to strike (doc. no. 62); and deny plaintiff's motion to amend (doc. no. 35).

The Report advised the parties that failure to make timely objection to the Report by September 14, 2017 waives the right to appellate review of both factual and legal matters contained in the Report.

On September 14, 2017, the court received from the plaintiff a timely objection to the Report. Doc. no. 65. Defendants did not object to the Report. All objected to matters are reviewed *de novo*.

Following are some of the arguments made by plaintiff in his objection to the Report. Plaintiff takes exception to statements in the Report which suggest that plaintiff was using his inhaler so much because he was suffering from anxiety. Plaintiff contends the generic inhaler was causing not only anxiety but also spasms and making him use the inhaler. Plaintiff's objection cites material in the special report which was submitted by the defendants. The magistrate judge's Report makes clear, however, that it does not consider the special report at this stage because the issue before the court is whether the complaint should be dismissed for failure to state a claim. Plaintiff complains that the Report makes it seem that as long as plaintiff was getting some type of treatment, defendants fulfilled their constitutional obligations even though the treatment made plaintiff's disease worse. Plaintiff argues that the fact that he had not had a seizure which caused him injury does not excuse defendants' alleged conduct. The objection also states plaintiff's contentions that the defendants were deliberately indifferent to his medical needs. The objection asks the court to reject the Report and deny defendants' motions to dismiss.

After review, the court finds that it agrees with the Report of the Magistrate Judge and that no purpose would be served by stating any further analysis here because the Report adequately addresses the basis of plaintiff's objections.

Accordingly, plaintiff's objection (doc. no. 65) to the Report and Recommendation of Magistrate Judge Goodwin is **DENIED**, and the Report and Recommendation (doc. no. 64) is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. As recommended in the Report, defendant Gonzaga's motion to dismiss (doc. no. 43) is **GRANTED**; defendant Thomas's motion to dismiss (doc. no. 45) is **GRANTED**; defendant Gonzaga's motion to strike (doc. no. 57) is **GRANTED**; defendant Gonzaga and defendant Thomas's joint motion to strike (doc. no. 62) is **DENIED**; and plaintiff's motion to amend (doc. no. 35) is **DENIED**. These rulings dispose of

all claims and, as recommended in the Report, this action is therefore **DISMISSED** without prejudice.  Rule 12(b)(6), Fed. R. Civ. P.

IT IS SO ORDERED this 4th day of October, 2017.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

16-0397p005.docx